# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ELECTRICAL CONSTRUCTION INDUSTRY PREFUNDING CREDIT REIMBURSEMENT PROGRAM, *also known as* ELECTRICAL CONSTRUCTION INDUSTRY HEALTH & WELFARE PLAN, *also known as* ELECTRICAL CONSTRUCTION INDUSTRY ANNUITY PLAN, *also known as* ELECTRICAL CONSTRUCTION INDUSTRY PENSION PLAN, *also known as* ELECTRICAL CONSTRUCTION INDUSTRY VACATION – HOLIDAY PLAN *also known as* MILWAUKEE ELECTRIC JOINT APPRENTICESHIP & TRAINING TRUST FUND, ROBERT RAYBURN, DEAN WARSH, and NATIONAL ELECTRICAL BENEFIT FUND,

               Plaintiffs,

v.

CBUTTS ELECTRIC INC,

               Defendant.

Case No. 21-CV-130-JPS

**ORDER**

On February 1, 2021, Plaintiffs filed this action alleging that Defendant violated the Employee Retirement Income Security Act ("ERISA"), the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the Labor-Management Relations Act, the terms of the parties' trust agreements, as well as the terms and provisions of the employee

benefit plans. (Docket #1). Defendant was served on February 7, 2021. (Docket #4). Defendant did not appear or otherwise defend this action within the time provided by the Federal Rules of Civil Procedure, so the Clerk of the Court, at Plaintiffs' request, entered default against Defendant on April 20, 2021. On April 16, 2021, Plaintiffs filed a motion for entry of a default judgment against Defendant. (Docket #5). Defendant has not responded to the motion in any fashion, and the deadline for doing so has expired. *See* Civ. L.R. 7(b). As a result, the Court treats the motion as unopposed. Civ. L.R. 7(d). The facts pleaded in the complaint establish Defendant's liability. (Docket #1 at 2–7).

Nevertheless, Plaintiffs bear the responsibility to prove up their damages under Rule 55(b)(2) of the Federal Rules of Civil Procedure. Indeed, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true," and the Court must conduct an inquiry to ascertain the amount in damages with reasonable certainty. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (citations and quotations omitted). Judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.*

Plaintiffs seek a definite amount of money as to the period of time from January 1, 2018 to June 30, 2018. Specifically, Plaintiffs request:

1) Unpaid contributions, interest, and liquidated damages owed to the fund for the period of January 1, 2018 through June 30, 2018 in the amount of $5,119.80;

2) Additional unpaid contributions and liquidated damages for the work-month of April 2021 in the amount of $1,117.35;

3) Attorneys' fees in the amount of $2,220.00; and

4) Costs of prosecution in the amount of $451.00.

In total, Plaintiffs seek $8,908.15 in damages for this period. (Docket #6-3 at 4, #7 at 2). In support of their request, Plaintiffs have provided the collective bargaining agreements, copies of payroll audits, and an itemized description of litigation costs and fees. (*See* Docket #6-2, #7-1). The Court finds that this evidence is sufficient to establish the exact amount in damages that Defendant owes for this period.

However, the request for damages is not complete as to the period of time spanning January 1, 2019 to present. Indeed, Plaintiffs' complaint requested an order directing Defendant to submit to an audit of the company's books and records for the period of January 1, 2019 to present. Plaintiffs explain that they have not been able to complete an audit of Defendant's books and records to determine the "full" measure of damages, even though their Funds Collection Policy permits such an audit. (*See* Docket #6-2 at 75).

Pursuant to § 1132(a)(3)(B), a civil action may be brought "to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan." Equitable relief under § 1132(a)(3) "includes 'categories of relief that were *typically* available in equity (such as injunction, mandamus, and restitution, but not compensatory damages.'" *Health Cost Controls v. Skinner*, 44 F.3d 535, 538 n.7 (7th Cir. 1995) (quoting *Mertens v. Hewitt Assoc.*, 508 U.S. 248, 256 (1993)). Therefore, the Court will grant Plaintiffs' request for equitable relief in the form of an injunction, under Rule 55(b)(2), and order that Defendant submit

to an audit of its books and records. *See Bldg. Trades United Pension Tr. Fund v. Surh Title Co.*, No. 15-cv-185-PP, 2015 WL 3490208, at *1 (E.D. Wis. June 2, 2015). The Court orders Defendant to submit to an audit within thirty (30) days of this Order. The audit shall cover the period of January 1, 2019 to present.

Once Plaintiffs have completed their audit, they should re-file a motion for default judgment. The motion should be accompanied by a brief that itemizes the amounts sought and contains pin-citations to supporting exhibits in the record. The motion and accompanying brief should renew the information presented as to the 2018 damages and include additional information as to the 2019 to present damages. Once the Court receives this information, it will assess Plaintiffs' damages and enter judgment as appropriate.

Accordingly,

**IT IS ORDERED** that that Plaintiffs' motion for default judgment (Docket #5) be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Defendant submit to an audit of its books and records by Plaintiffs' designated representative for the period of January 1, 2019 to present within **thirty (30) days of this Order**; and

**IT IS FURTHER ORDERED** that Plaintiffs file a renewed motion for default judgment as provided by the terms of this Order within **thirty (30) days** of the completion of the audit.

Dated at Milwaukee, Wisconsin, this 20th day of October, 2021.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge