UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ELECTRICAL CONSTRUCTION INDUSTRY PREFUNDING CREDIT REIMBURSEMENT PROGRAM, *also known as* ELECTRICAL CONSTRUCTION INDUSTRY HEALTH & WELFARE PLAN, *also known as* ELECTRICAL CONSTRUCTION INDUSTRY ANNUITY PLAN, *also known as* ELECTRICAL CONSTRUCTION INDUSTRY PENSION PLAN, *also known as* ELECTRICAL CONSTRUCTION INDUSTRY VACATION – HOLIDAY PLAN, *also known as* MILWAUKEE ELECTRIC JOINT APPRENTICESHIP & TRAINING TRUST FUND, ROBERT RAYBURN, DEAN WARSH, and NATIONAL ELECTRICAL BENEFIT FUND,<br><br>Plaintiffs,<br><br>v.<br><br>CBUTTS ELECTRIC INC.,<br><br>Defendant. | Case No. 21-CV-130-JPS<br><br>**ORDER** |

On February 1, 2021, Plaintiffs filed this action alleging that Defendant violated the Employee Retirement Income Security Act ("ERISA"), the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the Labor-Management Relations Act, the terms of the parties' trust agreements, as well as the terms and provisions of the employee

benefit plans. ECF No. 1. Defendant was served on February 7, 2021. ECF No. 4. Defendant did not appear or otherwise defend this action within the time provided by the Federal Rules of Civil Procedure, so the Clerk of the Court, at Plaintiffs' request, entered default against Defendant on April 20, 2021. On April 16, 2021, Plaintiffs filed a motion for entry of a default judgment against Defendant. ECF No. 5. Defendant did not respond to the motion in any fashion. *See* Civ. L.R. 7(b). As a result, the Court treated the motion as unopposed. Civ. L.R. 7(d), ECF No. 8 at 2. The facts pleaded in the complaint established Defendant's liability. ECF No. 1 at 2–7.

Nevertheless, Plaintiffs bear the responsibility to prove up their damages under Rule 55(b)(2) of the Federal Rules of Civil Procedure. Indeed, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true," and the Court must conduct an inquiry to ascertain the amount in damages with reasonable certainty. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (citations and quotations omitted). Judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.*

On October 20, 2021, the Court ordered Defendant to submit to an audit of its books and records by Plaintiffs' designated representative for the period of January 1, 2019 to the present date. ECF No. 8. In tandem to this, the Court ordered Plaintiffs to re-file their motion for default judgment once the audit was complete. *Id.* On February 2, 2022, Plaintiffs filed a second motion for default judgment, explaining that Defendant had failed to comply with the audit order. Defendant explained that "when an

Page 2 of 4
Case 2:21-cv-00130-JPS   Filed 05/17/22   Page 2 of 4   Document 12

employer fails to maintain or provide adequate records, funds are permitted to rely on any alternative records that are available, as the Fund and auditor did here." ECF No. 10 at 2; *see also Combs v. King*, 764 F.2d 818, 823 (11th Cir. 1985) (describing employer's duty to maintain sufficient records to determine the accuracy of contributions and Trustees' entitlement to investigate these documents); *Ill. Conference of Teamsters v. Steve Gilbert Trucking*, 953 F. Supp. 1026, 1033 (C.D. Ill. 1997) (finding the Fund's method for calculating number of hours worked to be reasonable under the circumstances since audits were performed in accordance with national guidelines and to the best of the Fund's ability since it was working with inadequate records); *Laborers' Pension Fund v. Loucon Constr., Inc.*, No. 98 C 6227, 2004 WL 2538298, at *7 (N.D. Ill. 2004) (granting summary judgment since the funds "established a reasonable basis and methodology for calculating an estimation of the amount due" for unreported payments).

Plaintiffs thus seek the following damages:

1) Unpaid contributions, interest, and liquidated damages owed to the fund for the period of January 1, 2018 through June 30, 2018 in the amount of $5,119.80;

2) Additional unpaid contributions and liquidated damages for the work-month of April 2021 in the amount of $1,117.35;

3) Attorneys' fees in the amount of $2,220.00;

4) Costs of prosecution in the amount of $451.00.

5) Unpaid contributions for 2019 in the amount of $25,274.51;

6) Unpaid contributions 2020 in the amount of $2,087.31;

7) Unpaid contributions 2021 in the amount of $6,850.78; and

8) Liquidated damages in the amount of $6,842.52.

In total, Plaintiffs seek $49,963.27 in damages for this period. ECF No. 10 at 4. In support of their request, Plaintiffs provided the collective bargaining agreements, copies of payroll audits, and an itemized description of litigation costs and fees, which they previously provided. *See* ECF Nos. 6-2, 7-1. It also provided an auditor's findings for the years 2019, 2020, and 2021. ECF No. 10-2 at 5–12. The Court finds that this evidence is sufficient to establish the exact amount in damages that Defendant owes in this matter.

Accordingly,

**IT IS ORDERED** that Plaintiffs' second motion for default judgment, ECF No. 10, be and the same is hereby **GRANTED**; Defendant shall pay to Plaintiffs the total sum of $49,963.27, together with post-judgment interest as provided by law; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 17th day of May, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge